FILED
U.S. DISTRICT COURT
 DIV.
2012 JAN 19 PM 1:57
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| RAY BENNETT, | : |
| Petitioner, | : |
| vs. | : CIVIL ACTION NO.: CV211-158 |
| ANTHONY HAYNES, Warden, | : |
| Respondent. | : |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Ray Bennett ("Bennett"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Bennett filed a Response/Traverse. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE FACTS

Bennett was convicted in the Middle District of Florida of: conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846; and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The Government filed a 21 U.S.C. § 851 notice of enhanced penalties before trial, which served to inform Bennett that he faced a possible life sentence based on prior felony drug offenses. (Doc. No. 9, pp. 1-2). Bennett was sentenced to the statutory mandatory life term of imprisonment. Bennett filed a direct appeal. The Eleventh Circuit Court of Appeals affirmed Bennett's conviction and sentence, and, in so doing, specifically rejected

Bennett's challenge to the section 851 enhancement. United States v. Hansley, 54 F.3d 709, 717-18 (11th Cir. 1995).

Bennett filed a motion pursuant to 28 U.S.C. § 2255 and asserted that he should be resentenced based on Apprendi v. New Jersey, 530 U.S. 466 (2006). The trial court informed Bennett that his motion was time-barred, and Apprendi was not retroactively applicable to cases on collateral review. Bennett later filed a motion to file a second or successive petition with the Eleventh Circuit based on Blakely v. Washington, 542 U.S. 296 (2004), and/or United States v. Booker, 543 U.S. 220 (2005). The Eleventh Circuit denied Bennett's motion. Bennett then filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582, and that motion, too, was denied. (Doc. No. 9, p. 3).

In his petition, Bennett contends that he was sentenced to life imprisonment improperly because two (2) of the predicate offenses he obtained in Georgia did not make him eligible for a mandatory life sentence. Respondent contends that Bennett cannot use the savings clause to bring his claims pursuant to a § 2241 petition.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

AO 72A
(Rev. 8/82)

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Bennett has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Bennett asserts that his claims would be foreclosed by section 2255 since he already raised his claims on direct appeal. (Doc. No. 1, p. 7). Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

AO 72A
(Rev. 8/82)

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

In Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011) (*en banc*), the Eleventh Circuit majority determined "the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h)."[1] 640 F.3d at 1312. "[F]or claims of sentence error, at least where the statutory maximum was not exceeded, the point where finality holds its own against error correction is reached not later than the end of the first round of collateral review." Id. at 1312. "[T]he savings clause does not apply to sentencing claims . . . where the sentence imposed was within the statutory maximum." Id. at 1315.

---

[1] "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain— (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

4

Bennett was convicted of violating 21 U.S.C. § 841(a)(1)[2], and the statutory sentence he faced for his conviction was at least ten (10) years, but no more than life, under 21 U.S.C. § 841(b)(1)(A). The sentence imposed on Bennett (life imprisonment) does not exceed this statutory maximum. Thus, Gilbert does not provide Bennett with his requested relief.

Additionally, the United States Supreme Court's decision in Carachuri-Rosendo v. Holder, ___ U.S. ___, 130 S. Ct. 2577 (June 14, 2010), involved removal proceedings under the Immigration and Nationality Act and a provision of this Act concerning an "aggravated felony". This case did not change any statutory sentencing enhancement Bennett received, and, thus, does not provide him with any relief. In addition, Carachuri has not been made retroactively applicable to cases on collateral review. Gill v. Keller, No. 1:11-CV-3552, 2011 WL 6337720, at *2 (N.D. Ga. Nov. 15, 2011). Further, the petitioner in Carachuri had received an enhanced sentence based on misdemeanor convictions, whereas Bennett "concedes that his prior possession convictions constituted felonies under Georgia law." Hansley, 54 F.3d at 718 n.8.

Bennett also relies on Lopez v. Gonzales, 549 U.S. 47 (2006), which does not interpret the language of section 841, and United States v. Shannon, 631 F.3d 1187 (11th Cir. 2011), which pertains to the career offender provision of the United States Sentencing Guidelines, not a statutory enhancement such as that which Bennett received. These cases do not provide Bennett with his requested relief.

---

[2] "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846.

AO 72A
(Rev. 8/82)

Even if Bennett's claims were based on a retroactively applicable Supreme Court decision, he has not shown that he was convicted of a non-existent offense or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Simply because Bennett's claims have been denied on previous occasions does not mean that section 2255's remedy is inadequate or ineffective. Bennett has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Bennett has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Bennett cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Bennett is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED** and that Bennett's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 19th day of January, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)